23-7931-cv
The ProImmune Company, LLC v. Holista Colltech Ltd.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of February, two thousand twenty-five.

PRESENT:  BARRINGTON D. PARKER,
JOSEPH F. BIANCO,
WILLIAM J. NARDINI,
*Circuit Judges*.

------------------------------------------------------------------

THE PROIMMUNE COMPANY, LLC, a Delaware limited liability company,

*Plaintiff-Appellee*,

v.                                                          No. 23-7931-cv

DOES 1–50, INCLUSIVE,

*Defendants*,

HOLISTA COLLTECH LTD., an

Australian corporation,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR APPELLANT:                    Natraj S. Bhushan, Turturro
                                  Law, P.C., Staten Island, NY

FOR APPELLEE:                     Ryan B. Abbott, Kete P.
                                  Barnes, Brown Neri Smith &
                                  Khan, LLP, Los Angeles, CA,
                                  Washington, DC

Defendant-Appellant Holista Colltech Ltd. (Holista) appeals from a

judgment of the United States District Court for the Southern District of New

York (Karas, *J.*), entered after granting summary judgment in favor of Plaintiff-

Appellee, The ProImmune Company, LLC (ProImmune).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

ProImmune manufactures and sells Immune Formulation 200®, a dietary

supplement product ("the Product"). Joint App'x 375. Holista is an Australian

biotechnology corporation that markets and distributes health and wellness

products. *Id.*

Between March 2015 and September 2018, ProImmune and Holista entered

into four distribution agreements, through which ProImmune appointed Holista

2

its exclusive distributor of the Product. In exchange, Holista agreed to purchase minimum quantities to meet contractual monthly or annual performance obligations as specified in the contracts. Holista failed to meet the minimum purchase requirements for three of the four contracts, namely Contract Nos. 1, 2, and 4. Neither party contends that Contract No. 3 was breached.

In February 2020, following a pattern by Holista of noncompliance with the minimum performance requirements, ProImmune sued Holista for breach of Contract Nos. 1, 2, and 4. At the close of discovery, both parties moved for summary judgment. In March 2022, the district court granted ProImmune's Motion for Summary Judgment, finding that Holista had breached Contract Nos. 1, 2, and 4 by failing to meet the minimum purchase requirements. The court also concluded that the fact that ProImmune entered into subsequent contracts with Holista, despite Holista's pattern of noncompliance, did not constitute waiver by ProImmune of Holista's breaches.

After determining liability, the district court awarded ProImmune damages in the total amount of $1,198,150 and prejudgment interest from each of the dates that Holista failed to meet the minimum performance requirements under Contract Nos. 1, 2, and 4, and attorneys' fees in the amount of $196,017.50.

We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

### I. Motion for Summary Judgment

On appeal, Holista argues that the district court erred in granting summary judgment to ProImmune. We review the district court's grant of summary judgment *de novo* and find no error. *Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015).

First, Holista contends that ProImmune waived strict compliance with the annual minimums set forth in Contract No. 1 and Contract No. 2 by entering into subsequent contracts with Holista. We conclude that the district court correctly determined that the fact that ProImmune entered into subsequent contracts with Holista did not amount to waiver because the record was replete with evidence that ProImmune repeatedly reminded Holista of its noncompliance. *City of New York v. State*, 40 N.Y.2d 659, 669 (1976) (rejecting claim of waiver, finding "[t]here is nothing more indisputable in this case than that the [plaintiff], far from intending to 'relinquish' its rights, never ceased to press for them").

Second, Holista contends that ProImmune materially breached Contract No. 4 by: (1) failing to deliver conforming Products at the time and location required by the contract; and (2) failing to ensure the quality of the Product. We conclude that the district court correctly determined that ProImmune did not breach Contract No. 4 because, as required by the contract, ProImmune delivered the Product to the location specified in Contract No. 4. Indeed, ProImmune confirmed its compliance with this provision via email on February 22, 2019, in which it stated that "there are orders that are awaiting your pick-up confirmation." Joint App'x 202–04. The record is clear that Holista did not collect the Product that was delivered under Contract No. 4. Accordingly, the district court correctly found that Holista could not legitimately claim that a Product it never possessed did not conform to contract specifications.

Next, Holista argues that ProImmune is not entitled to damages for failure to mitigate. Here, ProImmune sought "only to recover money that the breaching party agreed to pay under the contract," and, therefore, "the damages sought are general damages." *Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 109 (2d Cir. 2007). Contrary to Holista's position, because ProImmune sought only general damages, the district court correctly found that there was no duty to

5

mitigate. *See Bank of N.Y. v. Amoco Oil Co.*, 35 F.3d 643, 660 (2d Cir. 1994) ("Because, under the U.C.C., the duty to mitigate is generally a limitation on consequential damages and because [Plaintiff] does not seek consequential damages, we decline to impose a duty to mitigate . . . .").

## II.     Attorney's Fees

We also conclude that the district court correctly determined that ProImmune is entitled to attorney's fees for Holista's breach of Contract No. 4. Under New York law, attorney's fees are not recoverable as damages in an action for breach of contract unless expressly agreed to by the parties. *See Equitable Lumber Corp. v. IPA Land Dev. Corp.*, 38 N.Y.2d 516, 519 (1976).

The applicable indemnification provision states, in relevant part, that "*direct legal fees associated with* any future modifications *and/or compliance of this Agreement* will be charged back to Holista *for issues it initiates*." Joint App'x 141 (emphasis added). The district court correctly concluded that this provision was sufficient to meet the express agreement standard articulated in *Equitable Lumber*.

6

**CONCLUSION**

We have considered Holista's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court